WARNER, C.J.,
dissenting.
The defendant was' sentenced to life in prison in 1990 for a crime that occurred in 1989. Pursuant to the negotiated plea, the sentence was imposed under pre-guide-lines (pre-1993) law, and the transcript of the plea hearing reveals that defense counsel represented at the hearing that appellant was being “sentenced under the old system eligible for parole,” and that appellant would be so eligible. In 1998, appellant was informed upon request to DOC that he was ineligible for parole. He immediately moved for postconviction relief, claiming that his counsel was ineffective in advising him that he would not be eligible for parole, and that his attorney misrepresented the ability of the court to sentence *1226 appellant under the 1983 law for a 1989 crime. The trial court denied the motion as untimely.
I would reverse and require a hearing on the issue. I conclude that Florida Rule of Criminal Procedure 3.850(b)(1) applies, as the facts on which the claim is predicated, namely the attorney’s erroneous advice, were unknown to the claimant within the two-year requirement of the rule. Whether that fact could have been ascertained by the exercise of due diligence is also a factual question that requires an evidentiary hearing.
Finally, I do not think that the exhaustion of administrative remedies is necessary when the relief requested is a withdrawal of the plea based upon misrepresentation of counsel. Cf. Tal-Mason v. State, 700 So.2d 453 (Fla. 4th DCA 1997).